Freedman, J.
This is an appeal by the defendant from *293 a judgment enjoining him from keeping or maintaining any rock which he had placed there, upon the plaintiff’s premises and directing him to remove said rock by a time specified.
The complaint alleges that in or about the year 1880, the defendant, who then held a contract with the city of New York to open Eleventh avenue, applied to the plaintiff, the owner of eight vacant lots bounded on one side by Eleventh avenue, for permission to pile a small quantity of rock temporarily upon said lots ; that in the course of such application he represented that he desired to place only a small quantity thereon and for a short time only, and promised that he would soon remove it again, as he expected to sell it for macadamizing purposes; that upon the faith of such representations and such promises the plaintiff gave the permission requested; that thereupon the defendant, without plaintiff’s knowledge, piled rock, consisting largely of huge boulders, on said land to the height of twenty or thirty feet and so as to cover almost the entire surface of the eight lots ; that since that time the defendant, though often requested to remove said rock, has neglected and refused to move the same, and that by reason of the aforesaid premises the lots have become utterly unsalable and the plaintiff has been deprived of their use and enjoyment. The prayer is for judgment enjoining and restraining the defendant from keeping said rock any longer upon the lots described, and directing and requiring him, within such time as shall be fixed by the court, to remove all of the said rock from the said lots.
The evidence leaves no doubt that the defendant greatly abused the permission given to him, and that the plaintiff substantially established all the material allegations of his complaint.
It is claimed, however, and this is really the only point presented by defendant’s appeal which requires serious consideration, that conceding all the facts to be true as above stated, a court of equity will not grant a manda *294 tory injunction because the plaintiff has a remedy at law.
The question therefore arises, what remedy the plaintiff would have in an action at law.
The defendant claims that his omission and refusal to remove the rock, although wrongful, constitute but a mere breach of contract, and that the measure of damages is the cost of the removal of the rock.
The answer to that is that the duty of removing the rock does no more rest upon the plaintiff, than the duty of rebuilding or replacing the gate rested upon Crain in the case of Beach v. Crain (2 N. Y. 86, 97).
Moreover the evidence shows that there are great and peculiar difficulties to be overcome in the removal of the particular rock complained of, unless an immediate use or market for it can be found for account of contractors in the vicinity.
And, finally, it is to be considered that defendant’s abuse of the permission granted to him, and his subsequent refusal to remove the rock when requested, and keeping it there after that, amount to a continuing trespass upon plaintiff’s land. In this aspect of the case, the plaintiff can only bring successive actions for the loss of the rental value of his lots, but he cannot, in a common law action, recover once for all time, the total diminution of the fee value of the lots, because the trespass is capable of being discontinued, and the law will not presume that it will always continue. This has been expressly decided in Uline v. N. Y. C. & H. R. R. R. Co. (101 N. Y. 98).
These considerations show sufficiently that the plaintiff, upon the peculiar circumstances of this case, has no adequate remedy at law. A further consideration is that it would be extremely difficult to establish loss of rental value in vacant losts situated as plaintiff’s lots are, and that the plaintiff has a right to have his lots in a condition which permits use and improvement and renders them salable.
*295 For the reasons stated, and the additional reason that equity will, interpose to prevent a multiplicity of suits for damages, the case is brought directly within the decision of Corning v. Troy Iron & Nail Factory (40 N. Y. 191).
The judgment should be affirmed, with costs.