JEAN BARON and ZELIE BARON, Appellants, *v.* ISIDOR S. KORN, Respondent.

*Equity — right to enjoin the obstruction, by an adjoining owner, of an alley — remedy at law in such case — it must be pleaded in the answer.*

The lands of the parties to this action on the northerly side of Bleecker street, New York, were separated by an alley which extended to the rear of the building erected on the plaintiffs' land. The westerly wall of the defendant's building, built upwards of forty years prior to the trial, and having no opening into it, formed the easterly bounds of the alley. The alley was closed by a door on

Bleecker street, of which plaintiffs, who used the alley, had the key. The defendant took down his westerly wall and excavated for a wall for a new building to a line nine and one-half inches westerly of the easterly line of the alley as it had been theretofore used.

Upon an appeal by the plaintiffs from a judgment, in an action brought to restrain the erection of this wall, dismissing the complaint on the ground that the plaintiffs had failed to establish any equitable cause of action or irremediable injury or other ground of equitable relief.

*Held,* that the forty years' appropriation of this strip of ground to the use and maintenance of the alley had created an easement which the plaintiffs were entitled to enjoy as the owners of the land to which it had been annexed.

That the only action at law which could be brought by the plaintiffs would be an action for damages for contracting and obstructing the alley, so far as to impair its usefulness in the business of the plaintiffs.

That such an action would not supply the plaintiffs with an adequate remedy for the injuries sustained by this encroachment upon the space previously allotted to use as an alley, as all that could be recovered in such an action would be the damages sustained up to the time of the commencement of the action; and that, as for succeeding damages other actions would of necessity have to be resorted to, the facts presented a case for relief in a court of equity.

That the right of the plaintiffs to maintain their action against the defendant, and to prosecute it in a court of equity to compel the removal of the obstruction which the defendant had in this manner placed in this alley, thereby contracting its width was conclusively established.

The authorities bearing upon this question collated by DANIELS, J.

That a defendant when sued in equity cannot avail himself of the defense that an adequate remedy exists at law, unless he pleads that defense in his answer.

APPEAL from a judgment dismissing the plaintiffs' complaint, entered on a decision of the New York Special Term. January, 1888.

*Carlisle Norwood, Jr.,* for the appellants.

*Lewis Sanders,* for the respondent.

DANIELS, J.:

The plaintiffs are husband and wife, and they were the owners of four lots of land on the northerly side of Bleecker street, in the city of New York, extending on that street 100 feet easterly from the easterly line of MacDougal street. The defendant was the owner of four lots in the same block extending, on the same street, 100 feet westerly from the westerly line of Sullivan street. These eight lots included the land in the block on the Bleecker street front, with the exception of a strip devoted to an

alley between the land owned by the plaintiffs and that owned by the defendant. This alley was two feet eleven and one-half inches in width on the Bleecker street front, and it extended to the rear of the building erected upon the easterly lot owned by the plaintiffs. From the termination of the alley to the rear of the lot, a fence on a line with the easterly line of the alley was erected and maintained, and at the rear a shed had been constructed and built, extending the easterly end to the same line. This alley had existed in this manner for a period of upwards of forty years prior to the day of the trial of this action, which was in January, 1888. The westerly lot of the defendant's land had been built upon upwards of forty years prior to the trial, and the westerly wall of that building formed the easterly bounds of the alley. On the Bleecker street front it was inclosed by a door secured by a lock, the key of which was delivered to the plaintiffs when they acquired the title to their land, on or about the 19th of March, 1883. The alley had a flagging floor, and it was used by the plaintiffs in taking barrels or casks of wine to the rear of the premises for bottling purposes. Before the commencement of the action the defendant took down the building upon his westerly lot and the wall forming the easterly bounds of the alley, and excavated for the construction of a new building. And in his excavations he extended his westerly line for the distance of nine and a half inches westerly of the easterly line of the alley as it had previously been maintained and used. And this reduced its width so far as to render its dimensions too contracted for taking barrels through it to the rear of the plaintiffs' house.

The plaintiffs objected to this contraction of the width of the alley; but, notwithstanding the objection, the defendant proceeded with the laying and erecting of his westerly foundation wall. This action was thereupon commenced to restrain the erection of the wall and the contraction of the alley in this manner thereby, and an injunction was issued having that effect. A motion was made to continue it, which seems not to have been heard or decided; but it was consented in writing, by the attorneys for the plaintiffs, that the hearing should be adjourned from the third to the seventeenth of August, "the defendant to be at liberty to proceed with his building, as if no injunction had been issued." This stipulation

was made the foundation of a part of the answer of the defendant, upon which he insisted that the plaintiffs had consented to the erection of this wall. But such was not the effect of the stipulation. They gave no consent to the erection of the wall, but simply agreed that the defendant should be at liberty to proceed with his building the same as if no injunction had been issued. What they agreed to was, that the restraint of the injunction in the meantime should be released; but that gave the defendant no right or privilege to proceed with the erection of the wall, if this extension of the westerly line was without legal authority. It placed the action, for the time being certainly, in the same attitude it would have been in if no injunction whatever had been issued; and, in that condition, the defendant would proceed at his peril in extending his westerly line over this nine and a half inches of ground into the alley. And when he afterwards proceeded to put up this wall of the building, he did so at the risk of its being determined that no legal right to do so existed in his behalf.

The case, however, at the trial, was not dismissed upon the effect of this consent, but the dismissal of the complaint was directed for the reason that "the plaintiffs have failed to establish any equitable cause of action or irremediable injury, or other ground of equitable relief;" and, by the judgment, it was "adjudged and decreed that the complaint be dismissed for want of equitable jurisdiction." This was the sole and only ground upon which the action was considered to have failed when it was tried at the Special Term. It has been stated, in support of the judgment, that the plaintiffs' remedy was by an action of ejectment. But the title to this land was evidently not conveyed to the plaintiffs by the deed delivered to them, or either of the preceding deeds through which the title had been derived; and the findings upon which the appeal has been brought have not stated the fact to be that the plaintiffs were entitled to the use and occupancy of this land by an adverse possession. All that they would have, consequently, in the way of an action at law, would be an action for damages for contracting and obstructing the alley so far as to impair its usefulness in the business of the plaintiffs. And such an action might be maintained, for the forty years appropriation of this strip of ground to the use and maintenance of the alley would create an easement which the

plaintiffs would be entitled to enjoy as the owners of the land to which it appears to have been annexed; for, as there was no opening in the westerly wall of the building upon the defendant's westerly land, and the alley was kept closed and the key to the lock used for that object was in the possession of the plaintiffs, the conclusion appears to be inevitable that the alley was maintained for the use and convenience of the plaintiff's property, and this long-continued use would create an easement in their favor.

But an action for damages would not supply the plaintiffs with an adequate remedy for the injury sustained by this encroachment upon the space previously allotted to and used as the alley. For all that could be recovered in such an action would be the damages sustained up to the time of the commencement of the suit. And for succeeding damages other actions would of necessity have to be resorted to. And when that is the case courts of equity have always been in the habit of interfering when it appears that the cause of complaint is continuous and enduring in its nature, as it clearly was in this case. The obstruction and contraction of the alley by the erection of this wall, which was continued from the foundation and completed during the pendency of the action, was in the nature of a private nuisance. And it has been the province of courts of equity to interfere in such cases, and to award redress to the injured party by the removal of the nuisance. Upon this subject it has been held that a court of equity, pursuing the analogy of the law "that a party may maintain a private action for special damages, even in case of a public nuisance, will now take jurisdiction in case of a public nuisance, at the instance of a private person, where he is in imminent danger of suffering a special injury, for which, under the circumstances of the case, the law would not afford an adequate remedy." And, "in regard to private nuisances, the interference of courts of equity, by way of injunction, is undoubtedly founded upon the ground of restraining irreparable mischief, or of suppressing, oppressive and interminable litigation, or of preventing multiplicity of suits. (*State of Penn.* v. *Wheeling, etc., Bridge Co.*, 13 How. [U. S.], 518, 566–568; *Southmayd* v. *McLaughlin*, 9 C. E. Green [24 N. J. Eq.], 181; *Hills* v. *Miller*, 3 Paige, 254; *Trustees of Watertown* v. *Cowen*, 4 id., 510; *Tribune Association* v. *The Sun, etc., Association*, 7 Hun, 175; *Johnson* v.

*City of Rochester*, 13 id., 285; *Corning* v. *Lowerre*, 6 Johns. Ch., 439; *Wheelock* v. *Noonan*, 21 J. & S., 286; *Merrifield* v. *Lombard*, 13 Allen, 16.) In the last case a water-course had been obstructed, and the court held in its decision that "the right of the latter (plaintiff) to equitable relief is clear and unquestionable. The acts of the defendant tend to create a nuisance of a continuous and constantly accruing nature, for which an action at law can furnish no adequate relief" (Id., 18). (*Wheelock* v. *Noonan*, 108 N. Y., 179.)

In the last case the defendant had placed stone upon the plaintiff's land which he failed to remove when required to do so by its owner; and the action was brought and maintained to compel him to remove the stone from the ground. The objection was there taken that an action in equity could not be maintained for that object, but that the plaintiff was restricted to his action at law. But this objection was overruled, and the court held that the facts presented a case for relief in a court of equity. These authorities are entirely conclusive as to the right of the plaintiffs, if they can maintain their action against the defendant, to prosecute it in a court of equity for the removal of the obstruction which the defendant has in this manner placed in, and thereby contracted the width of, this alley.

Another answer to the objection that the plaintiffs were confined to their remedy at law arises out of the frame of the answer itself, by which no intimation was given that this objection would be made in the case. And the omission to present it by the answer appears to have disabled the defendant from taking the objection at the trial. *Town of Mentz* v. *Cook* (108 N. Y., 504), where it was said that, "it appears to be settled by a very general concurrence of authority that a defendant cannot, when sued in equity, avail himself of the defense that an adequate remedy at law exists, unless he pleads that defense in his answer." (Id., 508.)

This was the sole and only ground upon which the plaintiffs appear to have failed in the prosecution of their action. In no respect has the court found, or decided, that the plaintiffs' evidence was, in any respect, defective. That evidence is not incorporated in the case which has been brought before this court, only upon the findings of fact and conclusions of law, and the exceptions taken to them. And it is to be assumed in its disposition that these findings were warranted by the evidence given during the trial. And this being

the only defect which was considered in the way of maintaining the action, and that being devoid of all legal foundation, the judgment was necessarily erroneous, and it should be reversed and a new trial ordered, with costs to the plaintiffs to abide the event.

VAN BRUNT, P. J.:

I concur in the result. I am of the opinion that the evidence showed that a title had been acquired by adverse possession, and that the findings, although they did not find the distinct facts, found others from which it necessarily arose. I am also of the opinion that the action was maintainable because no adequate relief could be obtained in an action at law. A$_0$ judgment in an ejectment suit could not be executed because it would be impossible to take down nine and a half inches of wall erected without disturbing the balance. Hence arose the necessity for equitable interference.

Judgment reversed and new trial ordered, with costs to the plaintiffs to abide the event.