SAMUEL J. HAIGHT and JOHN W. CLARK, Respondents, v. DEN-
NIS G. LITTLEFIELD and THE LITTLEFIELD STOVE COMPANY,
Appellants.

*Dedication of a public street — easements therein — effect of non-user — amendment
to an answer at the close of the case — denial of a motion therefor by a referee —
ground of objection to the motion — jurisdiction of a court of equity.*

Upon the trial of an action brought to obtain a mandatory injunction, com-
manding that certain obstructions be removed from a public street, it appeared
that certain of the real property abutting upon the premises in question, was
originally conveyed by the executors of Stephen Van Rensselaer to the defend-
ant Littlefield, and was described in the conveyance thereof as bounded by a
street of at least fifty feet wide, forming the southerly boundary thereof, which
street was thereby declared to be dedicated to the public as a street to the
extent only of the northerly and westerly lines of the premises by said deed
conveyed, and that thereafter other real estate on the south side of such street
adjoining the first parcel, was conveyed by such executors to the defendant
Littlefield, referring to such street as a street of fifty feet, including a strip of
ten feet in width from the south side of the first parcel of land, which street
was, by the parties to the second deed, dedicated and appropriated to the
public for a public street forever, and that thereafter the plaintiffs derived
title to a portion of said premises from one of the defendants.

The complaint alleged that the street was open and unobstructed at the time
of the delivery to the defendant Littlefield of the deeds of the abutting prem-
ises, and that the defendants had obstructed and were maintaining various
obstructions upon such street, which prevented the free enjoyment and use
thereof by the plaintiffs.

It also alleged, what was not denied by the answer, that the deeds prior to the
deed to the plaintiffs, contained substantially the same description of the street,
and that the land was described in such deeds as being fifty feet in width, and
as Pleasant street.

The referee found, upon sufficient evidence, that immediately upon the plaintiffs'
entering into possession of their property they erected thereon, and on or along
the said street, extensive buildings for manufacturing purposes, and that the
obstruction thereof constituted an interference with the plaintiffs' rights.

The evidence did not show affirmatively any acceptance on the part of the public
authorities of the dedication of the street.

*Held,* that under all the circumstances the street became an appurtenant of the
premises purchased by the plaintiffs, and as such they had a right, as against
the defendants, to have the whole fifty feet remain open and unobstructed as a
way or street for the use of the premises purchased by them;

That such a title to such a street is not affected by non-user unless loss of title
arising in some of the ways recognized by law, can be shown;

That such a case is one of which a court of equity will take cognizance.

The defendants on the trial, at the close of the case before the referee, moved to amend the answer by inserting a denial of the allegations in the complaint — that the deeds prior to the deed to the plaintiffs contained substantially the same description of the street as was contained in their deed, and that it was described in such deeds as being fifty feet in width, and as Pleasant street. This was objected to on the ground that the referee had no power to make such an amendment.

The referee denied the motion, but stated no ground for such action.

*Held,* that no error was committed by the denial of such motion for which the judgment could be reversed, as such an amendment would not have been in furtherance of justice;

That, as the discretion of the referee was not erroneously exercised to the prejudice of the defendants, it should not be treated as a ground for reversal.

APPEAL by the defendants, Dennis G. Littlefield and the Littlefield Stove Company, from a judgment of the Supreme Court, entered upon the report of a referee in the clerk's office of the county of Albany on the 6th day of March, 1893, in favor of the plaintiffs, awarding them damages and restraining the defendants from maintaining obstructions in an alleged street known as Pleasant street, in the city of Albany.

*W. Frothingham,* for the appellants.

*Isaac Lawson,* for the respondents.

MAYHAM, P. J. :

This is an appeal from a judgment, entered upon the report of a referee, in favor of the plaintiffs against the defendants for a mandatory injunction commanding and directing the defendants to remove certain fences, embankments, ditches and alleged obstructions from lands or premises described in the plaintiffs' complaint as a strip or street fifty (50) feet wide, called Pleasant street, and from enjoining the defendants from interfering with or obstructing the free passage over the same by the plaintiffs, and from a judgment of five hundred dollars ($500) damages for alleged interference with such land or way. The plaintiffs derive title to premises adjoining the alleged street or way, by deed, dated the 15th of June, 1885, from the defendants Dennis G. Littlefield and wife.

The entire premises so conveyed to plaintiffs, together with the lands constituting the alleged street or way, originally belonged to the estate of Stephen Van Rensselaer.

On the 23d of November, 1868, the executors and trustees named in the last will of Stephen Van Rensselaer, conveyed to the defendant Dennis G. Littlefield, by deed, the same lands with others, which are now owned by the plaintiffs, bounding the lands so conveyed to the defendants, as described in said deed, by a " street of at least fifty (50) feet wide, to form the southerly boundary of the said premises, being hereby declared to be dedicated to the public as streets to the extent only of the northerly and westerly lines of the premises hereby conveyed, the aforesaid described premises being the same as represented on a map hereto annexed."

On the 13th of February, 1877, the defendants Dennis G. Littlefield and wife executed to Henry C. Littlefield a deed whereby they conveyed to the said Henry C. Littlefield the premises described in the deed to Dennis, substantially as therein described.

On the 26th of July, 1877, Henry C. Littlefield executed and delivered to the defendants " the Littlefield Stove Company," a deed of conveyance of the premises described in the conveyance of Dennis G., above referred to, substantially as therein described.

On the 1st of August, 1870, the executors of Stephen Van Rensselaer conveyed to Dennis G. Littlefield lands adjoining the lands mentioned and described in the first deed to Dennis G. Littlefield, but lying on the south side of the street described in the first-mentioned deed. In this conveyance, the street in question in this action is referred to in the following language : " The street mentioned and described in the within conveyance as a street of fifty (50) feet, including a strip of ten (10) feet in width from the south side of the lot conveyed to said Dennis G. Littlefield, November 23d, 1868, is, by the parties hereto making and accepting this deed, dedicated and appropriated to the public for a public street forever, and is to extend of the same width and in continued lines easterly to Broadway."

The deed from Henry C. Littlefield to the Littlefield Stove Company described the street as a street of fifty (50) feet in width, and designated it as Pleasant street, and described the lands therein conveyed as being on the south line of Pleasant street and as being a portion of the premises conveyed to Dennis G. Littlefield by the executors of Stephen Van Rensselaer, dated August 1, 1870.

The complaint alleged that the strip of land of fifty (50) feet in

width, designated as a street and as Pleasant street, was open and unobstructed, and was used as a way of passage and a highway by the plaintiffs and others to and from the premises adjoining the same, both on the northerly and southerly sides thereof, at the time of the execution and delivery to Dennis G. Littlefield of the two deeds of conveyance to him; and that from and by the deeds of conveyance, the strip of land described as a street of fifty feet wide, and as Pleasant street, became and was dedicated as a street or highway for the use of persons owning and occupying lands adjoining the same on the northerly and southerly sides thereof, and that thereby the plaintiffs became the owners of an easement therein, of a right of way over the same for themselves, their employees, vehicles, teams, etc., to and from every part of the premises conveyed to them as abutting thereon.

The complaint also alleges that the defendants have constructed and are maintaining upon this street various fences and embankments and ditches, which it alleges obstruct and prevent the free enjoyment and use by the plaintiffs of the easement or way which the plaintiffs allege is a legal appurtenant to the premises purchased by them of the said Dennis G. Littlefield; and that the plaintiffs have suffered damages by reason of such obstruction; that they have no adequate remedy at law for the alleged interference and obstruction, and ask the equitable relief set forth in the complaint and awarded in the judgment.

The answer of the defendants denies most of the allegations in the complaint.

The first point urged by the learned counsel for the appellants as a ground for reversal of this judgment, is that the referee erred in not allowing defendants to amend their answer on their application at the trial.

The allegations of the complaint were that the various deeds subsequent to the Van Rensselaer deed contained substantially the same description of the street as those contained in the Van Rensselaer deed; and that they described the street as a street fifty (50) feet in width, and as Pleasant street. These allegations were not denied in the answer, and the defendants on the trial moved to amend the same by inserting a denial. The referee denied the motion to amend, and the defendants excepted.

The motion to amend was at the close of the case, and we are not prepared to say that the refusal by the referee to allow the proposed amendment at that stage of the trial, was an error for which this judgment should be reversed, or that such amendment would have been " in furtherance of justice."

It is true that the objection was put upon the ground that the referee had no power to make such amendment, but the referee in his decision denying the motion to amend, stated no ground. While by section 1018 of the Code of Civil Procedure, the referee is invested substantially with all the powers of the court in the allowance or rejection of proposed amendments to pleadings, yet the exercise of that power rests in the sound judicial discretion of the court or referee, and unless that discretion is erroneously exercised to the prejudice of the party asking for an amendment, the determination of the referee should not be treated as ground of reversal.

We do not see that any injurious results followed to the defendants from the refusal of the referee to allow the amendment. We are not referred to any authority by the learned counsel on either side bearing upon this question.

All the deeds of conveyance under and through which the plaintiffs derive their title, bound the land conveyed on this strip or piece of land, dedicated by the terms of the original deed as a street, and known and described in some of the deeds as Pleasant street, and in the original deed from the trustees of Van Rensselaer it was described as a piece of land or street of fifty (50) feet in width, and the referee finds upon sufficient evidence, we think, to support such finding, that immediately upon the plaintiffs' entering into possession, they erected on the premises conveyed to them on or along the south line of this street, extensive buildings for manufacturing purposes.

But it is insisted by the learned counsel for the defendants that although the grantors in the Van Rensselaer deed designated and described this strip of land fifty (50) feet wide, as a street dedicated to the public, yet, the public never having accepted or adopted the dedication, it never became operative as to the public, and that the plaintiffs can, therefore, claim nothing under it.

It is quite true that the evidence does not affirmatively show an

acceptance on the part of the public authorities, such as is required to constitute it a public street, but, we think, within the authorities, that it became an appurtenant to the premises purchased by the plaintiffs, and that as such, the plaintiffs had a right as against the defendants, who succeed to the interest of Van Rensselaer, the original grantor, to have the whole fifty (50) feet remain open and unobstructed for the use of the premises purchased by them as a way or street. (*Story* v. *Railroad Co.*, 90 N. Y. 145; *Child* v. *Chappell*, 9 id. 255; *Hills* v. *Miller*, 3 Paige, 256; *Trustees* v. *Cowen*, 4 id. 510.)

The use of this street or way was, by the Van Rensselaer conveyance and the maps constituting a part thereof, dedicated for the purposes of a street and way to the lands described in and conveyed by said deed, and the grantees and successors thereby acquired a right to the use of the fifty (50) feet and an easement over the same, and the whole thereof, which they may properly insist upon as appurtenant to the lands acquired by them. (*Cox* v. *James*, 45 N. Y. 557; *Village of Olean* v. *Steyner*, 135 id. 341; *White's Bank* v. *Nichols*, 64 id. 73; *Welsh* v. *Taylor*, 134 id. 460.)

In the last case, the court, in discussing the effect of a grant somewhat like the one under which the plaintiffs claim, uses this language : " A person who acquires title by a deed to an easement appurtenant to land, has the same right of property therein as he has in the land, and it is no more necessary that he should make use of it to maintain his title than it is that he should actually occupy or cultivate the land.

" Hence, his title is not affected by *non-user*, and unless others show against him some adverse possession, or loss of title, in some of the ways recognized by law, he may rely on the existence of his property, with full assurance that when the action arises for its use and enjoyment, he will find his rights therein absolutely unimpaired."

The plaintiffs being, therefore, entitled to the free and uninterrupted use as a right of way of these fifty (50) feet sought to be dedicated by the original Van Rensselaer deed, may maintain their action against the defendants, restraining them from permanently obstructing said right of way, and commanding them to remove such obstruction.

As the evidence establishes, and the referee finds, that such

obstruction constitutes an interference with the plaintiffs' rights, for which there seems to be no adequate remedy at law, the only action at law which could be brought by the plaintiffs would be an action for damages for obstructing the way, and thus impairing its usefulness as appurtenant to the plaintiffs' premises. Such an action would not supply the plaintiffs with an adequate remedy for the injury sustained by encroachment upon the space previously allotted to plaintiffs by their deed as a way of ingress to and egress from their premises, as all that they could recover in an action at law would be the damages sustained up to the time of the commencement of the action, and their right of way would still remain obstructed, resulting in an irreparable injury to their property, unless the obstruction was removed, and its removal can only be decreed in a court of equity. (*Baron* v. *Korn*, 51 Hun, 402 ; 127 N. Y. 224.)

We are, therefore, clearly of the opinion that the case is one for the equitable cognizance of this court.

We have carefully examined the exceptions to the findings and conclusions of the referee by the defendants, and to his refusals to find on defendants' request, and find none of those exceptions well taken, except the eleventh exception, which relates to the rights of the plaintiffs to recover damages for the alleged illegal interference with plaintiffs' property rights.

We think that exception well taken and that the plaintiffs should not, under the proof in this case, recover pecuniary damages for the defendants' alleged interference with their property.

We are, therefore, of the opinion that the judgment entered upon the report of the referee should be so modified as to strike out the recovery of five hundred dollars ($500), and, as modified, the decree should be affirmed, without costs of this appeal to either party as against the other.

Let an order of affirmance be entered according to this opinion.

PUTNAM and HERRICK, JJ., concurred.

Judgment modified by striking out the recovery of $500, and, as modified, affirmed, without costs of this appeal to either party as against the other.