THE TOWN OF MENTZ, Appellant, *v.* ROSWELL COOK, Respondent.

*It seems* that a defendant in an equitable action in order to avail himself of the defense that an adequate remedy exists at law, must set it up in his answer.

Where the complaint in such an action alleged that the plaintiff has no adequate remedy at law and this was admitted by the answer, *held,* that the objection that such a remedy did exist could not be raised on the trial.

A petition presented to a county judge for an order appointing commissioners to issue town bonds in aid of a railroad company, after the amendment of 1871 (Chap. 925, Laws of 1871) to the act (Chap. 907, Laws of 1869), authorizing such aid, stated that the petitioners were a majority of the taxpayers of the town, but did not state that they were a majority "not including those taxed for dogs or highway tax only." *Held,* that the petition was fatally defective; that the fact that the term "taxpayer" as used in the act was defined therein as one taxed for property, and did not include those taxed for dogs or highway tax only, did not limit the meaning of the word as used in the petition, but the definition was confined to the use of the term in the act itself; that an equitable action was maintainable against the holder of town bonds issued in pursuance of an order founded on such a petition to compel the surrender and cancellation of the bonds; and that the town was not estopped from maintaining the action by the fact that its officers had paid one year's interest on the bonds, as in so doing they acted without warrant of law or any real authority; nor did this fact show inexcusable *laches* on its part.

(Argued February 3, 1888; decided February 28, 1888.)

APPEAL from order of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made October 24, 1885, which reversed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the material facts appear in the opinion.

*F. D. Wright* for appellant. The petition was insufficient to confer jurisdiction, as it failed to show that the petitioners constituted a majority of the taxpayers of the town of Mentz, who are taxed or assessed for property, not including those

taxed for dogs or highway tax only, upon the last preceding assessment-roll or tax list of such corporation, and who are assessed or taxed, or who represent a majority of the taxable property upon said last assessment-roll or tax list, "as required by section 1, chapter 925 of the Laws of 1871." (*People ex rel. Green* v. *Smith*, 55 N. Y. 135, 137; *People* v. *Spencer*, id., 1; *Town of Wellsboro* v. *H. R. R. Co.* 76 id. 182; *Metzger* v. *Attica & Arcade R. R. Co.*, 79 id. 171; *Wilson* v. *Town of Canadea*, 15 Hun, 218; *Cagwin* v. *Town of Hancock*, 84 N. Y. 532.) The petition must set forth that the petitioners are a majority of the class of petitioners who alone are competent to petition. (*Wilson* v. *Town of Canadea*, 15 Hun, 218; *People ex rel. Green* v. *Smith*, 55 N. Y. 135; *Rich* v. *Town af Mentz*, 22 U. S. 85.) The term "jurisdiction," as used in relation to such questions does not refer to the naked question of power, but rather to the fact whether such power is or is not exercised ordinarily by a court of equity. (*Bangs* v. *Duckinfield*, 18 N. Y. 592, 593; Moak's Van Sanvoord's Pleadings, 737; *Hunt* v. *Hunt*, 72 N. Y. 217, 228, 230.) By answering to the merits without pleading that an adequate remedy existed at law, the defendant waived every objection to the complaint, excepting only the objections that the complaint does not state a cause of action, and that the court had no jurisdiction. (Code of Civil Procedure, § 499; *Grandin* v. *Le Roy*, 2 Paige, 509; *Le Roy* v. *Plate*, 4 id. 77; *Truscott* v. *King*, 6 N. Y. 147–149; *Cox* v. *James*, 45 id. 557–562; *Green* v. *Milbank*, 3 Abb. N. C. 138; *Pam* v. *Vilmer*, 54 How. 235; *Bangs* v. *Duckinfield*, 18 N. Y. 592; *Bell* v. *Spotts*, 49 Supr. Ct. Rep. 552; *Jenny* v. *Whitemore*, 2 Sup. Ct. Rep. [T. & C.] 337; affirmed, 38 N. Y. 675; *Hawley* v. *Cramer*, 4 Cow. 727; *Rowell* v. *Loring*, 85 Mass. 121; *Cresley* v. *Bay State Brick Co.*, 103 id. 514.) The defendant had not only submitted himself to the cognizance of a court of equity, by not raising any objection in his answer to the exercise of jurisdiction by the trial court (which itself is a sufficient answer), but

had expressly admitted the facts stated in the complaint. which gives equitable cognizance of the action. (*Paige* v. *Willett*, 38 N. Y. 28.) Equity will take jurisdiction in this case, because these bonds constitute a cloud upon title, and, the defense to them can be made to appear only by extrinsic evidence. (Chap. 925, Laws of 1871, § 6; *Ward* v. *Dewey*, 16 N. Y. 525, 527, 530; *Hoyt* v. *Grey*, 25 Hun, 444; *Hey-ward* v. *City of Buffalo*, 14 N. Y. 534; *Marsh* v. *City of Brooklyn*, 59 id. 283; *Townsend* v. *Mayor, etc.*, 77 id. 546; *Scott* v. *Onderdonk*, 14 id. 15, 16; *Town of Springport* v. *Teutonia Savings B'k*, 75 id. 403; *Town of Venice* v. *Wood-ruff*, 62 id. 460.) A court of equity has jurisdiction in this case, because while these bonds are unauthorized, illegal and, in fact, void, the holders may never seek to enforce them by action. (*Metzger* v. *A. & A. R. R. Co.*, 79 N. Y. 171; *Hamilton* v. *Cummings*, 1 Johns. Ch. 524; *Bullymore* v. *Cooper*, 46 N. Y. 246.) A party who formally and expressly admits, by his pleading that which establishes the plaintiff's right, will not be suffered to deny its execution or to prove any state of facts inconsistent with the admission. (*Paige* v. *Willett*, 38 N. Y. 31; *Hill* v. *Peekskill Savings B'k*, 101 id. 490.)

*Howland & Wheeler* for respondent. The complaint does not state a cause of action. No fact is pleaded, showing a defect. Jurisdictional defects or facts must be pleaded. (Code, § 522; Laws of 1871, chap. 925, § 1.) And the town is estopped from raising the question, on a defect of taxpayers. (Laws of 1871, chap. 925, § 1, p. 2116; *Whitney* v. *Toucey*, 10 N. Y. W. Dig. 214; *Rich* v. *Town of Mentz* [MSS.] The judgment of the county judge in this case is made a part of the complaint, and the plaintiff cannot go back of that to raise these questions which the judge has decided and passed upon. (Laws of 1871, chap. 925, § 2; Code, § 721, sub. 8; Freeman on Judgments, § 126, p. 522, 523; *Calhoun* v. *Delhi R. R. Co.*, 28 Hun, 397; *Kelsey* v. *Beers*, 16 Abb. 228.) If it is held that the county judge had no jurisdiction, and that the

defendant is chargeable with notice of such defects, then the plaintiff has an adequate remedy at law; he can set up this defect in any action brought to recover on the bonds, either by this defendant or his assignee, and a court of equity will not entertain this action for the purposes here sought. (*Town of Venice* v. *Woodruff*, 62 N. Y. 462, 468; *Starin* v. *Genoa*, 23 id. 439; *People* v. *Mead*, 24 id. 114; 36 id. 224.) Plaintiff is estopped, having sold the bonds and taken and retained stock for them and paid interest on them. (*Whitney* v. *Wyman*, 21 Alb. L. Jour. 435; *Mills* v. *Hoffman*, 92 N. Y. 181.)

FINCH, J.    It would not be difficult to sustain the conclusion of the General Term in this case if we could disregard a question of pleading not brought to its notice, but resolutely argued and pressed at our bar. The action was in equity to compel the surrender and cancellation of three bonds of $1,000 each, which were part of a series issued by the railroad commissioners of the town of Mentz in aid of the Cayuga Northern Railroad. No such road has been constructed, and after paying the interest coupons for a single year the town resists and alleges the utter illegality and invalidity of the bonds. The Special Term granted the relief asked for, but the General Term reversed the judgment because, conceding the invalidity of the bonds, there was a complete and adequate remedy at law. But no such defense was pleaded. On the contrary the answer explicitly submitted the case to the disposition of the court and assented to its authority to try the issues presented upon its equity side. The complaint, after alleging the insufficiency of the petition presented to the county judge and the consequent invalidity of his judgment for want of jurisdiction, so that the bonds issued stood unsupported by the lawful consent of the taxpayers, concluded thus at the end of the fourth paragraph: " whereby said bonds with their coupons became and remain apparently a valid indebtedness against said town and a lien or incumbrance upon all its property and the property of all its taxpayers, real and personal, whereby

also the collection of said bonds and coupons is liable to be enforced by the exercise of the taxing power without any action at law for that purpose, as well as by actions at law, and in the latter event by numerous actions at law, subjecting said town to a multitude of grievous suits for such enforcement, or to proceedings for the collection of said bonds and coupons which will leave to the town nor to any one aggrieved any adequate remedy at law for resisting the enforcement of the same." This allegation was admitted by the answer, and the admission is conclusive unless the averment consists wholly and fairly of a mere conclusion of law. It is something more than that. It asserts not only that a state of facts exists out of which arises the jurisdiction of a court of equity, but also alleges a due occasion and necessity for the exercise of that jurisdiction, specifying as facts the difficulties and dangers calling for that exercise. The answer neither denies the jurisdiction nor the propriety or necessity of its exercise. On the contrary, it concedes both, and deliberately assents to the trial of the issues in equity. It plants itself first upon the validity of the bonds as lawful obligations of the town, and next upon the doctrine of equitable estoppel growing out of the fact that one year's interest upon the bonds had been paid by the town before defendant's purchase. The answer, therefore, admitted the authority of the chosen forum to determine the issues presented, and made no effort to withdraw them from that tribunal.

It appears to be settled by a very general concurrence of authority, that a defendant cannot, when sued in equity, avail himself of the defense that an adequate remedy at law exists unless he pleads that defense in his answer. (*Grandin* v. *Le Roy*, 2 Paige, 509; *Le Roy* v. *Platt*, 4 id. 77; *Truscott* v. *King*, 6 N. Y. 147; *Cox* v. *James*, 45 id. 557; *Green* v. *Milbank*, 3 Abb. N. C. 138; *Pam* v. *Vilmer*, 54 How. 235.) The rule proceeds upon the basis that parties may, by their mutual assent litigate their differences in a court of equity, where the assent of the defendant, if withheld, might induce the court to refrain from the exercise of its jurisdiction. That

jurisdiction existing over the general subject, the question of
its exercise in the given case cannot be raised, unless the
answer raises it.   Much more should that be true, where the
answer explicitly admits an allegation of the complaint that.
the plaintiff has no adequate remedy at law.   If that had
been denied or the contrary asserted in the answer, the plaint-
iff might have come to the trial prepared to prove facts and
circumstances bearing upon the inquiry, which are not now in
the case, because assumed to be needless under the pleadings.
The defendant's objection, therefore, came too late, when,
waiving it by his answer, he sought to raise it at the opening
of the trial.   It was not covered by his objection that the
complaint did not state a cause of action, for upon a demurrer
for that reason it would have certainly been held sufficient.
There was jurisdiction beyond question and enough stated to
make a case for its exercise.   We feel bound to follow the
uniform current of authority, and to hold that the defense
was not available.

The validity of these bonds, asserted in the answer, depended
upon the jurisdiction of the county judge in adjudging that
the consent of the requisite number of taxpayers had been
given.   The petition was presented after the amendment of
1871 to the act of 1869, and was defective in not averring
that the petitioners were a majority of the taxpayers of the
town of Mentz, excluding those taxed for dogs or highway
tax only.   The fatal character of the defect has been so adjudged
in this court as to end further discussion.   (*Green* v. *Smith,*
55 N. Y. 135 ; *Town of Wellsborough* v. *N. Y. & H. R. R.
Co.,* 76 id. 182 ; *Metzger* v. *Attica & Arcade R. R. Co.,* 79
id. 171.)   Our attention has heretofore been drawn (*Hills* v.
*Peekskill Savings Bank,* 101 N. Y. 490) to the definition of
the word "taxpayers," given in section 1 of the act of 1871,
and to the fact that such definition and its effect had never been
directly passed upon by this court.   The argument advanced
is that the word "taxpayers," as used in the act, is declared to
mean taxpayers exclusive of those taxed for dogs or highway
tax only, and that it is illogical to deny to the word, when

used in a petition under the act, the meaning ascribed to it by the act itself. The suggestion is by no means conclusive, and admits of a satisfactory answer. The definition was given to avoid useless repetition, and is confined to its use in the act itself. The petition is required to be verified, and to show on its face the consent of the requisite majority, and is not satisfied by an ambiguous oath, true in one sense and not true in another. We are not convinced that we ought .to overrule our existing line of decision for the reason assigned. The defect, therefore, was fatal, and the Special Term correctly decided that the bonds were invalid.

Only a word needs to be added as to the defense of estoppel. The act of the town officers in paying the first year's coupons was not so within the scope of their authority as to estop the town. They had no warrant of law for their action, and acted without real authority. Cases may and do arise where, without the existence of an estoppel, there has been such inexcusable *laches* on the part of the town as to justify the refusal of its relief by a court of equity. (*Alvord* v. *Syracuse Sav. Bk.*, 98 N. Y. 599.) But this is not such a case. A single year's interest was levied and paid. The fact drew attention at once to the claimed obligation of the bonds, and was followed by legal proceedings to prevent any further waste of the public funds. The delay was not so unreasonable as to be without excuse, or to convict the town of sleeping upon its rights. If it had persisted in such payments to a greater or less degree, it might. have lost its right to the remedial relief of a court of equity.

It follows that the order of the General Term should be reversed, and the judgment of the Special Term affirmed, with costs.

All concur.

Order reversed, and judgment affirmed.