MICHAEL ROGERS, Respondent, *v.* PETER G. STRAUB, Appellant, Impleaded, etc.

*Equity — waiver of trial by jury — oral evidence as to the meaning of a contract — competency of testimony — injunction.*

The answer in an action in equity contained no allegation to the effect that the plaintiff had an adequate remedy at law, and the defendant went to trial before a Special Term without raising any question as to its power to hear and determine the case, proceeded with the trial to its close and submitted requests to find, and then in such requests for the first time made the claim that he was entitled to a trial by jury.

*Held*, that such claim was made too late; that if the defendant had a right to a trial by jury, he had waived it.

Under the provisions of a contract a person agreed to pay eleven dollars per canal boat load for dimension stone and six dollars per canal boat load for stone suitable for concrete.

Upon the trial of an action brought to recover the agreed price of such stone, a question having arisen as to whether the stone furnished was dimension stone or stone for concrete, the plaintiff offered to show what the words "dimension stone" meant, as they appeared in the contract, and the court, under objection, permitted the witness to state what was said by the parties in reference to the meaning of the words at the time the contract was made.

*Held*, that as the parties differed as to the meaning of the term, such testimony, as showing their understanding of the term, was competent.

Though a trial court might properly have withheld an injunction, yet if the granting thereof does the plaintiff no good and the defendant no harm, the fact that the trial court granted the same does not require a reversal upon appeal.

Where testimony objectionable when offered is not objected to, it should not be stricken out on motion where it has subsequently been made competent.

APPEAL by the defendant, Peter G. Straub, from a judgment of the Supreme Court, entered in the office of the clerk of the county of Niagara on the 28th day of February, 1893, upon the decision of the court after a trial at the Niagara Special Term, enjoining and restraining the defendant from prosecuting operations in certain stone quarries and from interfering with certain agricultural lands of the plaintiff, and awarding to the plaintiff $1,098.49 damages and costs.

*George W. Cothran*, for the appellant.

*Edward C. Hart*, for the respondent.

HAIGHT, J.:

This action was brought to recover pay for a quantity of stone which the defendant had taken and carried away from the plaintiff's premises, the annulment of two contracts and an injunction restraining the defendant from certain alleged trespasses on the lands of the plaintiff. The judgment awards damages for the stone taken and an injunction restraining the defendant from in any way exercising or attempting to exercise any of the powers or privileges granted in and by the contracts, or either of them, and from in any manner interfering with the agricultural lands of the plaintiff.

It is now claimed that the Special Term, sitting as a court of equity, had no jurisdiction to hear and determine this action, but that it should have been tried in a court of law before a jury. The complaint, among other things, sets forth two contracts, the latter being a modification of the former, made between the plaintiff and defendant Straub, by which the stone upon the plaintiff's farm east of Hitchins' bridge, abutting upon the Erie canal, was sold to the defendant, and an option given to him as to the stone lying west of such bridge; that he had taken and carried away a large quantity of stone and had not paid therefor; that the defendant had not performed the contract on his part; that he had committed numerous trespasses, and had deposited crushed stone upon the plaintiff's agricultural lands, permanently injuring the same. The plaintiff demanded judgment for the stone taken, that the contracts be decreed abrogated, and that the defendant be enjoined from thereafter prosecuting operations thereunder. The complaint was evidently prepared for the purpose of obtaining equitable relief, and some of the allegations are of an equitable nature, but whether they are sufficient we do not think we are called upon to determine. The allegations of the complaint are sufficient to authorize the recovery of a judgment for the contract price of the stone sold and delivered. The answer contains no allegation to the effect that the plaintiff had an adequate remedy at law. So far as the case shows, the defendant went to trial before the Special Term without raising any question as to the power of that court to hear and determine the same, proceeded with the trial to its close, submitted requests to find, and then in such requests, for the first time made the claim that he was entitled to a trial by jury. We think this was too late; that if he had a right to such a trial he had waived the same. (*The Town of Mentz* v. *Cook*, 108 N. Y. 504, 508; *Ostrander* v. *Weber*, 114 id. 95, 102; *Weaver* v. *Haviland*, 68 Hun, 376, 381.)

Upon the trial the plaintiff offered to show what the words "dimension stone" meant as it appears in the contract. The court, under objection of the defendant, permitted the witness to answer as to what was said by the parties in reference to the meaning of such term at the time the contract was made. It is claimed that this evidence tended to vary the contract, but we do not so understand it. Under the provisions of the contract the defendant was to

pay eleven dollars per canal boat load for dimension stone, and six dollars per canal boat load for stone suitable for concrete west of the Hitchins' bridge. A question had arisen as to whether the stones taken were dimension stones or stones for concrete. The parties differed as to the meaning of the term, and it appears to us that their statement as to such meaning at the time the contract was entered into as showing their understanding of the term, was competent.

Upon the cross-examination of the defendant he was required to state the amount he received per cord for such stone in the city of Buffalo, and also the amount that he received for crushed stone. This, doubtless, would have been incompetent had the defendant not previously shown upon his direct examination what the same was worth.

Again, it is claimed that the court should have found that the dimension stones were stones of a suitable size and quality to be cut so as to be used as first-class building stone, but upon this question we understand the evidence to be conflicting, that of the plaintiff differing from that of the defendant. It is claimed that the testimony of the defendant upon that subject is corroborated. But the first contract entered into between the parties contains the expression " of the larger sizes or dimension stone." Here we have the term " larger sizes " used synonymously with the term " dimension stone," one term meaning the same as the other. This supports the plaintiff's contention, and we do not think it is weakened by the later contract, where the term " dimension stone " alone is used.

The witness Mahoney testified to his keeping an account of the stone taken by the defendant, and of reporting the same to the plaintiff; that on one occasion the defendant asked him to report but two boat loads to every three taken. This evidence was given without objection, but a motion was subsequently made to strike it out, which was refused. If the testimony at the time it was given was objectionable, it was subsequently made competent when the defendant was sworn as a witness in his own behalf.

It appears from the exhibits in the case that at the time of the trial the defendant had transferred all his interests under the contracts with the plaintiff to the Buffalo Stone Company, and that that company had transferred its interest to the German Rock Asphalt and Cement Company (Limited) of the city of Buffalo, and that

that company had entered into a new agreement with the plaintiff. Perhaps, under the circumstances, the trial court might properly have withheld the injunction, but we are unable to see how it does the plaintiff any good or the defendant any harm.

We think, therefore, that the judgment should be affirmed, with costs.

Dwight, P. J., and Lewis, J., concurred.

Judgment appealed from affirmed, with costs.