(21 App. Div. 227.)

TOWN OF OYSTER BAY et al. v. HARRIS et al.

(Supreme Court, Appellate Division, Second Department. October 19, 1897.)

TOWN MEETING—SUFFICIENCY OF APPLICATION.
　　Under section 34 of the town law (Laws 1890, c. 569), requiring that, in order to bring special business before a town meeting for a vote, a written "application," signed by specified persons, must be filed, "plainly stating the question they desire to have voted upon, and requesting a vote thereon," the mere form of the application may be disregarded if it shows substantial compliance with the statutory requisites; but a paper in the form of a resolution, not purporting, in form, to be an application, addressed to no one, stating no question which the signers wished to have voted upon, requesting no vote, and expressing no desire, is not sufficient.

Submission of controversy between the town of Oyster Bay and Samuel J. Underhill, supervisor of said town, and Norman W. Harris and others. Judgment for defendants.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

George W. Davison, for plaintiffs.
Harry Hubbard, for defendants.

HATCH, J. The determination of the submitted controversy involves the legality of certain bonds issued by the town of Oyster Bay for a public improvement, and contracted to be sold by the supervisor of said town, acting under the authority of the board of supervisors of the county of Queens, to the firm of N. W. Harris & Co., whose members are the defendants in the action. The case shows that the defendants refuse to carry out their contract for the purchase of the bonds, upon the ground that they were issued without authority of law, and are void.

The defendants urge three specific defects in the proceedings leading up to the issue of the bonds, which they regard as fatal to their validity. In the view we take of this case, it does not become necessary

that we should consider any objection except the first, which lies at
the threshold of the controversy.   This objection is formulated by
the plaintiffs in these words: "That the petition presented does not
comply with section 34 of the town law, and the matter was improperly
submitted to a vote."     Section 34 of the statute above referred to, so
far as important, reads:

"No proposition or other matter than the election of officers, shall be voted
upon by ballot at any town meeting, unless the town officers or other persons
entitled to demand a vote of the electors of the town thereon, shall, at least
twenty days before the town meeting, file with the town clerk a written ap-
plication, plainly stating the question they desire to have voted upon, and re-
questing a vote thereon at such town meeting." Laws 1890, c. 569, art. 2, § 34.

The persons entitled to demand a vote of the electors are such per-
sons as are mentioned in section 25 of the aforementioned law, and
consist of 25 taxpayers whose names appear upon the last town as-
sessment roll.    There was evidently an attempt upon the part of a
sufficient number of taxpayers of the town to set in motion proceed-
ings by which a vote might be taken authorizing an expenditure of
money for public improvements, and under which the aforementioned
bonds were issued.    This took the form of a paper, which plaintiffs
insist was an application in compliance with section 34, and lawfully
instituted the proceeding.    This paper is signed by 41 persons, who
are certified by the town clerk of the town of Oyster Bay as being tax-
payers then appearing upon the last assessment roll of the town.    The
paper is denominated in the case as "Resolution No. 1."    So far as
important. it reads:

"Resolved, that the sum of ($300,000) three hundred thousand dollars be raised
on the faith and credit of the town of Oyster Bay by an issue and sale of bonds
of said town, the money so raised and the interest thereon to be a charge upon
the property of the town taxable therefor, for the purpose of grading and
improving the following roads in the town of Oyster Bay, and laying telford
and macadam pavement thereon."

Then follows a long list of the roads and places to be improved,
provision is made for the denomination of the bonds, the rate of inter-
est, date of payment, and for a tax to meet the same.    Then follow
the signatures of the taxpayers, although nowhere in the paper are
they stated to be such.
It is quite evident that this paper does not comply with the statute.
It does not, at least in form, purport to be an application.    It is not
addressed to any person, body, or officer.    It does not state any ques-
tion which the persons signing, or anyone else, desire to have voted
upon, nor does it request that a vote thereon be taken at a town meet-
ing.    All of these matters the statute requires.    The only thing about
this paper which in any wise complies with the statute is that it is
signed by the required number of taxpayers.    Certain things are re-
solved upon, but by whom is not stated.    No question is formulated,
nor is it requested that the resolution shall be submitted to a vote
either at the ensuing town meeting, or any other.    No body or offi-
cer is requested to do anything.    No desire is expressed, and, so far
as the paper, standing alone, is concerned, it expresses nothing, ex-
cept a resolution signed by certain persons.    It would have been
quite as competent as a document to be acted upon if the persons had

signed their names to a blank piece of paper, and filed it with the board, or have filled in the blank with a resolution to support certain named candidates for office. If a question could be spelled out from the paper, and a desire was expressed to have a vote at a town meeting taken, and a request made therefor, however inartificially such facts were made to appear in the paper itself, it might be held a sufficient compliance with the statute to set the town board in motion, or to uphold its action, if it assumed to act thereon. But the difficulty with the situation is that nothing appears, either in form or substance, as required by the statute; consequently it cannot be treated as an application at all. Under the decisions in the Railroad Bonding Cases, of which Town of Mentz v. Cook, 108 N. Y. 104, 15 N. E. 541, is an illustration, this paper would be held to confer no jurisdiction upon which action could be based. While we have held that there is a radical distinction between the creation of a debt for railroad purposes and one for general improvements (May v. Bermel, 20 App. Div. 53, 46 N. Y. Supp. 622), yet we have not gone so far as to hold that we can support a proceeding where there has been no compliance with statutory requirements. The most that can be done is to give effect to acts showing a substantial compliance with the statute, even though form may have been disregarded. This proceeding cannot be helped out by anything the town board did. Neither their minutes nor anything else shows that they acted upon the paper above adverted to, or upon the request of anyone. They voted simply to submit certain resolutions to the town meeting to be held on April 6, 1897, which, in form, were the same as those stated in the paper submitted to them. But they did not assume to act upon the request of anyone, and they were not so authorized to act, except upon a request in writing, stating the facts to which we have called attention, and no such request, as we have seen, was made. The board, for aught that appears, may have acted upon their own motion. It is quite as probable that they did this as that they acted upon request. If so, their act cannot be upheld, as essential requirements of the statute were not observed to make such an act effectual. It is not now needful that we point out wherein and how they failed in this respect. The most that we can say—rather infer—is that the persons who signed the paper intended thereby to have a vote taken upon the resolutions therein set out, and that they filed them in the town clerk's office, and that the town board assumed to act thereon. But this does not aid to a compliance with a substantive part of the statute, and the board was only authorized to act on request upon such compliance. It follows, therefore, that the act of the board in submitting such resolutions to a vote was without authority of law and void, and all acts based thereon fall with this.

Other serious questions are raised, but we do not deem it necessary to discuss them. Judgment upon the submitted case should be ordered in favor of the defendants. All concur.