ARENA ATHLETIC CLUB v. McPARTLAND et al.

(Supreme Court, Appellate Division, Second Department. June 6, 1899.)

1. CONTRACT—INJUNCTION.
Where two boxers were to give a sparring exhibition on a certain date, or on a date to which it might be mutually postponed, and were not to give any other exhibition until after the contract was fulfilled, equity will not enjoin them from giving an exhibition elsewhere after the date first set, no agreement for the postponed date being reached.

2. EQUITABLE JURISDICTION—ASSESSMENT OF DAMAGES.
Where the court, in a suit to restrain breach of a contract, determined it had no jurisdiction in equity, it properly refused to retain the case to assess damages therefor.

Appeal from special term, New York county.

Suit by the Arena Athletic Club against William L. McPartland and Jack Everhart. There was a decree for defendants, and plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

M. G. Holstein, for appellant.

Louis J. Vorhaus (A H. Parkhurst, on brief), for respondents.

WOODWARD, J. The plaintiff in this action is an athletic club, and on or about the 12th day of March, 1897, it entered into a contract with the defendants, who are professional boxers, to give an exhibition of sparring at the club house on the 29th day of March, 1897, "or upon such day or days and hour to which such exhibition, for any cause, may be mutually postponed." It was agreed between the parties that the defendants should not give an exhibition at any other place until after the contract with the plaintiff had been fulfilled. On the 29th day of March the defendants, for some reason, did not appear at the time and place mentioned in the contract, and on the 30th day of March they were advertised to appear in a rival club house. On that date this action was commenced, and upon the trial the court dismissed the complaint on the ground that it did not state facts sufficient to constitute a cause of action entitling the plaintiff to injunction or other equitable relief against the defendants. In this conclusion we are satisfied that the trial court is right. The contract was to give an exhibition on the 29th day of March, 1897. If at that time the exhibition should for any reason be postponed by mutual agreement, the defendants were to perform at some other time; but it must be clear that this is all too uncertain to justify a court of equity in applying the harsh remedy of injunction. The terms of the contract called for a mutual agreement, and for this court to enjoin the defendants from performing at any other place until the plaintiff should agree with them as to the time of performing the contract would leave it in the power of the plaintiff to seriously embarrass the defendants, and to deprive them of their natural rights of employing their talents in gaining a livelihood. The court has no authority to make a contract for these parties, and it would be an abuse of its equitable jurisdiction to place in the hands of the plaintiff a power to indefinitely suspend the earning capacity of the defendants. There is no doubt that this court might have restrained the defendants from performing at any other place prior to the 29th day of March, but after that time the contract was too indefinite. It then depended for its force upon a mutual agreement between the parties, and it does not appear from the pleadings that there was any such mutual agreement, and, without some fixed and definite time, this court cannot interfere. To do so would be to make a contract for these parties to which they have not agreed, and it was never the purpose of equity to make contracts, but to aid in the enforcement of those of perfect obligation.

It is urged, however, that, even if the plaintiff was not entitled to equitable relief, the court owed it the duty of determining the amount of damages which may have been sustained by reason of the breach of the contract. While it is true that a court of equity, having gained jurisdiction of a cause, will generally retain it for the purpose of disposing of the entire controversy, we find no authorities which make it the duty of a court to retain a cause for the exclusive purpose of determining damages, where it clearly appears that the plaintiff is not entitled to the equitable relief demanded. The defendants set up in their answer that the plaintiff had a complete remedy at law, thus bringing them within the rule laid down in Town of Mentz v. Cook, 108 N. Y. 504, 15 N. E. 541; and, if there were not sufficient facts alleged in the complaint to give the court jurisdiction in equity, then there could be no authority for retaining the case to determine the amount of the damages which the plaintiff may have sustained. The rule is that, if a court of equity has jurisdiction, and entertains the case, it will ordinarily retain it until the whole subject is disposed of. Taylor v. Taylor, 43 N. Y. 578, 584; Ostrander v. Weber, 114 N. Y. 95, 102, 21 N. E. 112. In the case at bar the court determined that it had no jurisdiction in equity, and refused to entertain it. Its incidental power of fixing the plaintiff's damages depended upon its having jurisdiction in equity, and, as this issue was raised by the pleadings, the court properly dismissed the complaint.

The judgment should be affirmed, with costs. All concur.