Carrie Loeb et al., Appellants, *v.* Supreme Lodge of the Royal Arcanum, Respondent.

Equity — when action must be maintained upon equitable grounds or fail — benefit associations — when complaint, in action to set aside an acknowledgment of suspension of membership, properly dismissed.

If a party brings an equitable action even now, when the same court administers both systems of law and equity, the party must maintain his equitable action upon equitable grounds or fail, even though he may prove a good cause of action at law on the trial.

The beneficiaries in a certificate issued by a fraternal beneficiary society brought a suit praying for a decree in equity setting aside a declara-

tion and acknowledgment made by the person to whom the certificate was issued, of his suspension from membership and his application for reinstatement as a member, on the ground that the said suspension and all proceedings thereon were unjust, unlawful, illegal and contrary to the laws and constitution of the defendant and the agreement entered into between such person and the defendant. The complaint also alleged payment of the assessment, non-payment of which was one of the grounds for the suspension directed by the society. The answer, among other things, denied tender of the amount due upon the assessment and alleged that by reason of the failure to comply with its rules and regulations, the person named in the certificate was suspended from the order. Plaintiffs on the trial confined their proofs to the question whether there had been a payment of the assessment. *Held,* that this did not narrow the issues involved in the litigation; that the issues presented are not such as can be tried on the law side of the court and that the complaint was properly dismissed for failure to prove the cause of action in equity therein alleged.

*Loeb* v. *Royal Arcanum,* 126 App. Div. 951, affirmed.

(Argued February 15, 1910; decided March 22, 1910.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered June 28, 1908, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Gates Hamburger* for appellants. The case was properly tried at an Equity Term; and if it were an action at law the defendant waived a jury trial by proceeding to trial at equity. (Code Civ. Pro. § 1009; *T. N. Bank* v. *Shields,* 55 Hun, 274; *Rogers* v. *Straub,* 75 Hun, 264; *Side* v. *Brennan,* 7 App. Div. 273; *Tracy* v. *Falvey,* 102 App. Div. 585; *Greason* v. *Keteltas,* 17 N. Y. 491; *W. P. I. Co.* v. *Rymert,* 45 N. Y. 703; *Barlow* v. *Scott,* 24 N. Y. 40; *Lewis* v. *Mott,* 36 N. Y. 395; *N. Y. I. Co.* v. *N. W. Ins. Co.,* 23 N. Y. 357; *Mentz* v. *Cook,* 108 N. Y. 504.) It was error to dismiss the complaint if plaintiffs made out a case at law. The proper procedure was for the court to send the cause to the law side

of the court for trial. (*Chinebin* v. *Katzman*, 89 App. Div. 595; *Hart* v. *Garnett*, 87 App. Div. 536; *Everett* v. *De Fontaine*, 78 App. Div. 219; *Thomas* v. *Schumacher*, 17 App. Div. 441; 163 N. Y. 554; *Ballis* v. *Bullock Co.*, 59 App. Div. 576; *McNulty* v. *M. M. E. Co.*, 172 N. Y. 410.)

*Arthur C. Salmon* and *Edmund T. Oldham* for respondent. The complaint was properly dismissed. (*Mittenthal* v. *Rabinowitz*, 60 App. Div. 138.) As an action at law the cause could not have been maintained. (*Hand* v. *Royal Arcanum*, 44 App. Div. 484; 167 N. Y. 600.)

EDWARD T. BARTLETT, J. The plaintiffs in this action seek to recover three thousand dollars on a benefit certificate issued to their father, Jacob Loeb, by the defendant. The plaintiffs were named as beneficiaries in the benefit certificate.

On September 28th, 1896, one J. C. Chamberlain, collector for the defendant, notified the regent of defendant as follows: "You are hereby notified that Bro. Jacob Loeb, a member of this Council, failed to pay assessment No. 231, on the 14th day of September, 1896, (thirty days from the date of the notice), and stood suspended by law from the Order and all benefits therefrom."

At a meeting of the council on October 6th, 1896, the suspension was announced by the regent and proper entries thereof were made on the records of the council.

Thereafter the said Jacob Loeb made an application for reinstatement, reading as follows: "The undersigned, formerly a member of the Council, now under suspension for the payment of ———— hereby makes application for reinstatement in accordance with the laws of the Order. I hereby bind myself and family, my relatives and those dependent upon me to the terms of the agreement made in my original application and obligation." The applicant also gave his age, residence and occupation. He gave his age for the reason that under the rules of the defendant an application for reinstatement involved a second medical examination.

It is found that "The aforesaid application of Jacob Loeb

was thereafter and some months prior to his death, which occurred on July 27th, 1897, rejected by Manhattan Council No. 217." This rejection was based not only on the non-payment of assessment No. 231, but failure to pass medical examination required as above stated.

Thereafter, in a complaint verified on August 9th, 1899, which was more than two years after the death of said Jacob Loeb, the plaintiffs brought suit praying for a decree in equity setting aside the declaration and acknowledgment of Jacob Loeb in his lifetime of his suspension from membership and his application for reinstatement as a member, on the ground that the said suspension and all proceedings thereon were unjust, unlawful, illegal and contrary to the laws and constitution of the defendant and the agreement entered into between the said Loeb and the defendant. The defendant joined issue by answer, verified October 3rd, 1899.

This case was not brought to trial until November 13th, 1907, between eight and nine years after the verification of the complaint, and more than ten years after the death of the insured. No explanation was offered for this unusual delay.

A stale claim is not regarded with favor by the courts, particularly a court of equity.

It is quite obvious at this point that the relief sought by these plaintiffs, involving as it did setting aside the declaration and acknowledgment by Jacob Loeb in his lifetime of his suspension from membership and his application for reinstatement as a member, called for equitable relief.

The complaint alleges, among other things, that Jacob Loeb was duly notified, according to the by-laws of the defendant, that he had failed to pay assessment No. 231, which was payable August 14th, 1896, and if not paid on or before the 14th day of September, 1896, he would stand suspended from the order and all benefits therefrom.

A payment of the amount due under assessment No. 231, by handing it to the collector within thirty days after August 14th, 1896, was alleged. Also, that the said suspension and all proceedings thereunder were unjust, unlawful, illegal and

contrary to the laws and constitution of the defendant, and to the agreement entered into between said Jacob Loeb and the defendant. Also alleged his right to immediate reinstatement and asked that it be made. Also, that by reason of the foregoing facts Jacob Loeb was a member in good standing in the order at the time of his death, and that he never had surrendered his certificate. In brief, the complaint closed with the allegation that Jacob Loeb died a member in good and regular standing, and demanded that the court adjudge that this situation existed by reason of the facts alleged.

It would seem that nothing could be clearer than that this complaint sets forth a state of facts which invoked the powers of a court of equity. Especially is this so when the issues are considered, in view of the answer interposed. The defendant admits the issuing of the benefit certificate. It denies the tender of the amount due under assessment No. 231 as alleged.

It further alleges that by reason of the failure of Jacob Loeb to comply with the rules and regulations of the defendant, he was suspended as in the contract provided.

It is to be borne in mind, as already stated, that on making an application for reinstatement the member stands in the position of an original applicant and has to pass the medical examination in addition to other requirements. This medical examination was had, and Dr. William Moore, state examiner of the state of New York, southern district, after examining the written report of the physician in charge, stated : " The foregoing having been referred to me for decision, I do hereby reject the same." Date of approval October 21st, 1896. Signed by Dr. Moore in his official capacity.

The fact that the counsel for the plaintiffs saw fit to confine his proofs to the question whether there had been a payment of assessment No. 231 does not in any way narrow the issues involved in this litigation. Henry Loeb, the son of Jacob Loeb, and who was himself insured by the defendant council, was called as a witness for the plaintiffs and testified in substance that he called on Mr. Chamberlain, the collector of the defendant, in the month of August, 1896, and

handed him two checks, one for the payment of his own assessment and the other his father's check for the payment of assessment No. 231. That within thirty days from the time said assessment fell due, the collector returned to him his father's check in a letter addressed to him by Mr. Chamberlain. As tending to prove the time he called during the month of August, 1896, on the collector, he produced his own check, which was put in evidence and dated August 22d, 1896. He failed to produce the letter that he said the collector wrote him accompanying his father's check when it was returned. Neither that letter nor the check was produced on the trial. This witness also testified that the collector gave him a receipt for his own dues on the notice sent him. He was asked on cross-examination why Mr. Chamberlain did not sign his father's notice. He said : " I think he was in a hurry. He didn't say anything about my father's assessment at that time. There was nothing said about my own or his own."

This admission was entered upon the record : " The plaintiffs' counsel concedes that Jacob Loeb, after he had received the returned check and letter, told the witness that he would make an application for reinstatement." We thus have a record admission that the insured at the time of the tender of this check was not a member of the defendant, but stood suspended.

The defendant, in answer to the evidence just referred to as to the call upon the collector, placed Mr. Chamberlain on the stand. He testified that in dealing with six hundred members he could not recall whether Jacob Loeb or his son Henry had called on him on any particular day in August, 1896. He said he kept a blotter at that time and everything was entered in it. The payment by Henry Loeb at the time named appeared. This witness further testified : " To the best of my knowledge and belief and remembrance, I received the check by mail on the 24th of the month. * * * I left the office in 1898, and now I have none of the old books left. I do not remember of receiving on the 22nd day of August two checks. One I have shown you and one is his father's, Jacob Loeb, drawn according to his correction of testimony

on the Nineteenth Ward Bank. To the best of my knowledge and belief he never submitted any check at that time." This witness was asked : " Do I understand you to say that you cannot swear that you did see Mr. Henry Loeb between the 22nd day of August and the 24th of August ? A. I would not be willing to swear to that fact, because it was a long while ago, and I used to see so many men ; I have seen Mr. Loeb different times at my office, but as to the particular date I am pretty positive in my mind that Mr. (Henry) Loeb was not there ; that I received that check by mail on the 24th and deposited it on the 25th. * * * There was an assessment levied by the Supreme Council numbered 231. That was laid August 15th, 1896, thirty days. Of course it expired September 14th, 1896. That assessment was not paid."

It is to be observed that the collector's official action at the time of the suspension of the insured was based on the non-payment of assessment No. 231.

It should be borne in mind that by reason of the staleness of this claim, as already pointed out, this witness was called upon to testify in regard to an interview which took place over eleven years before the time of his examination. This infirmity also attaches to the testimony of Henry Loeb.

It thus appears that the issues, so far as the plaintiffs saw fit to introduce evidence in support of them, were tried on sharply conflicting evidence. The complaint was dismissed for the reason that plaintiffs failed to go on and prove their cause of action as alleged.

It is quite clear that the issues presented by the pleadings and the proofs are not such as can be tried on the law side of the court. This point was earnestly insisted upon on the argument before this court. The first point made by the appellants is that the case was properly tried at an equity term. It is further argued that the application for the reinstatement of the insured was not binding upon the plaintiffs. This could only be adjudged by a court of equity. When the insured died he was not a member of defendant's council.

The condition of the proofs at the close of the trial called

for a dismissal of the complaint on the ground that the plaintiffs had not proved their cause of action.

After the defendant rested its case, counsel moved to dismiss the complaint upon the ground briefly stated that the course of the trial disclosed that the action should have been tried on the law side of the court. The trial judge reserved his decision on this motion. In an opinion submitted later the trial judge stated, among other things, as follows : " The cause was placed upon the equity calendar, and upon the trial the defendant made the point that the plaintiffs had failed to establish by proof any ground for equitable relief and that, having abandoned that part of the complaint, they should be remitted to their action at law. The plaintiffs did not acquiesce in this position and ask to be sent to the law side of the court for trial, but insisted upon their right to judgment after trial on the equity side before the court without a jury. Under these circumstances it seems to me plain that the plaintiffs having failed to establish a cause in equity should suffer a dismissal of their complaint."

In so holding the trial judge was clearly right under authority of *Bradley* v. *Aldrich* (40 N. Y. 504), in which it is stated at page 511 as follows : " The opinion in this court, in *Mann* v. *Fairchild* (2 Keyes, 111 *et seq.*), is that ' if a party brings an equitable action even now, when the same court administers both systems of law and equity, the party must maintain his equitable action upon equitable grounds or fail, even though he may prove a good cause of action at law on the trial. (See, also, *Heywood* v. *Buffalo*, 14 N. Y. 540.) " It would seem that no other course was left to the trial judge but to dismiss the complaint. If the plaintiffs saw fit to stand on their original position, that the action on this benefit certificate presented issues that were triable in equity, they were entitled to test the soundness of that proposition on appeal.

There are questions of practice involved on the findings and exceptions thereto appearing on the face of the record.

The trial judge made findings of fact and conclusions of law as submitted by the defendant. His sixth finding of fact

reads as follows : " That this suit is brought by Carrie and Jennie Loeb aforesaid for a decree in equity setting aside the declaration and acknowledgment by Jacob Loeb in his lifetime of his suspension from membership in Manhattan Council No. 217 and his application for reinstatement as a member, on the ground that the decedent signed the paper through misunderstanding, and that he be restored to membership." He then found three alleged conclusions of law : " (I.) That there was no evidence presented to me of any misunderstand-ing, fraud, deceit, nor mutual mistake, inducing Jacob Loeb to acknowledge his suspension embraced in his application aforesaid for reinstatement. (II.) That at the time of the death of Jacob Loeb he was not a member of Manhattan Council No. 217 of the Royal Arcanum, and not a member in defendant's society, and not entitled to participate in any benefits incident to such membership. (III.) I direct accordingly that final judgment be entered herein in favor of defendant dismissing plaintiff's complaint on the merits, with costs to defendant to be taxed and inserted therein."

It is clear that conclusion of law I is a finding of fact and must be so treated, and the fact that it is included in the list of conclusions of law does not militate against its standing as a finding of fact.

Exceptions were filed by the plaintiffs to these findings and conclusions. The order of affirmance by the Appellate Division does not state the decision to have been unanimous, but the record shows there was no dissent.

For the reasons already stated the trial judge made the only logical disposition of the case by dismissing the complaint on the ground that the plaintiffs had failed to establish their cause of action in equity.

The judgments of the trial court and Appellate Division, dismissing the complaint, with costs, should be affirmed, with costs to the defendant in this court.

HAIGHT, J. (dissenting) This action was brought to recover the amount due on a benefit certificate issued by the defend-

ant to Jacob Loeb which was payable to the plaintiffs, his daughters, upon his death. The complaint alleged the admitting of Jacob Loeb to membership in the defendant's association in 1890 and that he continued to be such member in good standing until the 14th day of September, 1896, at which time he was suspended from the order by reason of his failure to pay assessment No. 231, and that thereupon he made application to be reinstated, but this was refused, and that subsequently and on the 27th day of July, 1897, he died. The complaint further alleges that the suspension was unlawful for the reason that the assessment No. 231 was duly tendered to an authorized agent of the defendant within the thirty days allowed by the constitution and laws of the council to make such payments, and that the refusal of the council to reinstate him was unjust, illegal and in violation of the constitution and laws of the council. The relief demanded was that the suspension of Jacob Loeb and all proceedings held thereunder be declared void and of no effect and that he be declared a member in good standing at the time of his death and that the defendant pay to the plaintiffs the $3,000, with interest, provided for in the certificate.

The answer, in substance, denied the tender of the amount of the assessment No. 231 and alleged that his suspension was, therefore, lawful and that he was properly refused reinstatement. The case was noticed for trial upon the equity side of the court and was finally brought to trial on the 13th day of November, 1907. Upon the trial evidence on behalf of the plaintiffs was offered to the effect that Henry Loeb, a brother of the plaintiffs, who was also a member of the council, went to the office of the company on the 22d day of August, 1896, and delivered in the office of the defendant to Mr. Chamberlain, the collector of assessments, and left with him a check of Jacob Loeb, his father, and another check of his own for the purpose of paying his father's and his own assessments, No. 231; that three or four days thereafter he received a receipt for his own assessment, and some time thereafter, the precise date not being given, his father's check was returned to him

with notice that his father had been suspended; and that he returned the notice and his father's check to him; that subsequently he saw Mr. Chamberlain, had a talk with him, and that Chamberlain told him in substance that if his father would make application for reinstatement it would be all right. He thereupon told his father of the conversation with Chamberlain, and subsequently his father made the application for reinstatement alleged in the complaint, but it was refused. On behalf of the defendant Chamberlain was sworn as a witness, and testified in substance that he could not recollect of Henry Loeb's calling upon him on the 22d day of August; that it was possible that he saw him on that date, but to the best of his knowledge and belief and remembrance he received Henry's check by mail on the 24th of the month instead of the 22d, but he had no recollection of receiving his father's check, and to the best of his knowledge and belief he did not receive it. At the conclusion of the evidence the defendant moved for the dismissal of the complaint upon the ground "that the testimony is that the suspension originally was improper, and upon proof that assessment 231 was paid. That being so, the plaintiffs have abandoned that part of the complaint which alleges that he should have been reinstated if the examination had been proper. It brings us down to the common-law issue, that if the issue in this action is only whether or not assessment 231 was paid or was not paid we might have tried this case before a jury in the Trial Term long ago. So that on the proof in the case there is no reason this court should undertake to decide the case and the plaintiffs should be remitted to their action at law." Thereupon the trial court granted the defendant's motion, stating in its opinion that "The case was placed upon the equity calendar and upon the trial the defendant made the point that the plaintiffs had failed to establish by proof any ground for equitable relief and that, having abandoned that part of their complaint they should be remitted to their action at law. The plaintiffs did not acquiesce in this position and ask to be sent to the law side of the court for trial,

but insisted upon their right to judgment after trial on the equity side before the court without a jury. Under these circumstances, it seems to me plain that the plaintiffs, having failed to establish a cause in equity should suffer a dismissal of their complaint." Thereupon, the court made findings of facts, substantially following the allegations of the complaint, to the effect that Jacob Loeb was suspended, made application for reinstatement and that it was rejected and that in July following he died. And then found as a fact: " *Sixth.* That this suit is brought by Carrie and Jennie Loeb aforesaid, for a decree in equity setting aside the declaration and acknowledgment by Jacob Loeb in his lifetime of his suspension from membership in Manhattan Council No. 217 and his application for reinstatement as a member, on the ground that the decedent signed the paper through misunderstanding and that he be restored to membership." And as conclusions of law the court found : " I. That there was no evidence presented to me of any misunderstanding, fraud, deceit nor mutual mistake inducing Jacob Loeb to acknowledge his suspension embraced in his application aforesaid for reinstatement. II. That at the time of the death of Jacob Loeb he was not a member of Manhattan Council No. 217 of the Royal Arcanum and not a member in defendant society, and not entitled to participate in any benefits incident to such membership. III. I direct accordingly that final judgment be entered herein in favor of defendant dismissing the plaintiffs' complaint on the merits with costs to defendant to be taxed and inserted therein." Exceptions were filed by the plaintiffs to the sixth finding of fact and to the conclusions of law.

It will be observed that in the sixth finding of fact the court has carefully limited the finding to the issue raised with reference to Loeb's reinstatement as a member of the council and has made no finding upon the other issue in the case to the effect that the suspension was unauthorized for the reason that Loeb had tendered the amount of his assessment within the thirty days allowed for its payment. That issue was left open undetermined, evidently intentionally, for it distinctly appears

both from the opinion of the court, to which we have referred, and to the motion of the defendant for a dismissal of the complaint, that the only testimony given in the case was to the effect that the original suspension was improper, thus raising the common-law issue as to whether or not the assessment was paid.

I am of the opinion that the trial court erred in dismissing the complaint. The case of *Mittenthal* v. *Rabinowitz* (60 App. Div. 138), which the court appears to have followed, is not, in my judgment, an authority upon the question. In that case the question arose upon a motion to restore a case to the day calendar on the ground that it should not originally have been placed on the Special Term calendar. It is true that the court, in disposing of the motion, did state that unless the plaintiff succeeded in establishing facts which would entitle him to equitable relief his complaint must be dismissed. The judge, however, followed this expression with the statement, "However, that question is not now before us. All that we now decide is that he is entitled to have his case restored to that calendar if he insists upon it."

In the case of *Thomas* v. *Schumacher* (17 App. Div. 441, 447; affirmed in 163 N. Y. 554, on opinion below) Ingraham, J., says: "The defendants also take the objection that to enforce this obligation an action at law was necessary and not an action for an accounting in equity, and that the plaintiffs have a complete and adequate remedy at law against these defendants and no standing in equity to maintain this action. If this point, however, is well taken, it would not justify a dismissal of the complaint. Upon the facts proved, the plaintiffs, if the owners of the demand against the defendants, would be entitled to a judgment; and the fact that they had demanded the wrong relief in their complaint, or demanded relief to which they would not be entitled, would not justify the court in dismissing the complaint. If they brought the action to trial as an equity case, when upon the facts alleged the plaintiffs were only entitled to a common-law judgment, and the defendants insisted that the action should be tried before a jury, then, upon a demand that the case be sent to a

jury for trial, the court would be bound to so direct; or, if at the end of all the testimony the court should be of the opinion that it was an action at law and not in equity, the court could then refuse the equitable relief and send the action to be tried at the Trial Term before a jury. There was no reason, however, why the plaintiffs should be turned out of court, under our system of practice, because, though they alleged facts which entitled them to relief, they asked for the wrong relief, or brought the case on for trial at the wrong term of the court." (*Rogers* v. *Straub*, 75 Hun, 264, 266; *Ostrander* v. *Weber*, 114 N. Y. 95, 102; *Town of Metz* v. *Cook*, 108 N. Y. 504, 507.) I, therefore, conclude that when the trial court became satisfied that the plaintiffs had abandoned the equitable issue raised by the pleadings and rested upon the issue that the assessment had been duly tendered and that Loeb was not in default the trial should have been suspended and the issue sent to the Trial Term of the court to be disposed of by a jury and that the plaintiffs should not have been turned out of court by having their complaint dismissed.

The judgment should, therefore, be reversed and a new trial ordered, with costs to abide the event.

Gray, Vann and Werner, JJ., concur with Edward T. Bartlett, J.; Cullen, Ch. J., and Hiscock, J., concur with Haight, J.

Judgment affirmed.