## NIEHAUS v. NIEHAUS.

(Supreme Court, Appellate Division, First Department.　December 2, 1910.)

1. ACTION (§ 37*)—ERROR AS TO CHARACTER OF ACTION. .

One bringing an equitable action must maintain his action on equitable grounds, or fail, though he has a good cause of action at law on the trial.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 311, 313; Dec. Dig. § 37.*]

2. HUSBAND AND WIFE (§ 14*)—"TENANCY BY THE ENTIRETY."

"Tenancy by the entirety" is an estate in which each tenant is seised of an entirety, and, under the married women's acts, each tenant is a tenant in common or joint tenant of the use, and each is entitled to a half of the rents and profits during their joint lives.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 78, 79; Dec. Dig. § 14.*]

3. ACCOUNT (§ 6*)—JURISDICTION OF EQUITY—GROUNDS.

That to ascertain how much is due plaintiff it is necessary to go into a long and complicated account, with an examination of books and vouchers, does not alone justify an equitable action for an accounting.

[Ed. Note.—For other cases, see Account, Cent. Dig. §§ 17–19; Dec. Dig. § 6.*]

4. HUSBAND AND WIFE (§ 205*)—TENANCY BY THE ENTIRETY—COLLECTION OF PROFITS.

Where a husband collected all the rents and profits of real estate held by him and his wife as tenants by the entirety, and did not pay the same over to the wife, her remedy under the married women's acts was by action for money had and received, and, if necessary, she could examine the husband and obtain a reference, and she could not sue in equity because of the adequacy of the remedy at law.

[Ed. Note.—For other cases, see Husband and Wife, Dec. Dig. § 205.*]

Appeal from Special Term, New York County.

Action by Regina A. Niehaus against Charles Henry Niehaus. From an interlocutory judgment overruling a demurrer to the complaint, defendant appeals. Reversed.

See, also, 131 App. Div. 900, 115 N. Y. Supp. 1134.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, CLARKE, and DOWLING, JJ.

H. B. Goodstein, for appellant.

Mayer L. Halff, for respondent.

SCOTT, J.　This is an appeal from an interlocutory judgment overruling a demurrer to the complaint, the point of the demurrer being that the facts set forth in the complaint will not sustain a suit in equity, but that plaintiff's remedy lies in an action at law. It is not questioned by respondent that she seeks in this action, only equitable relief, nor that the demurrer should have been sustained if it appears upon the face of the complaint that she has an adequate remedy at law. Moore v. Coyne, 113 App. Div. 52, 98 N. Y. Supp. 892. "If a party brings an equitable action even now, when the same court administers both systems of law and equity, the party must maintain his equitable action upon equitable grounds or. fail, even though he

may prove a good cause of action at law upon the trial. Loeb v. Supreme Lodge, 198 N. Y. 187 [91 N. E. 547]." The complaint alleges that plaintiff and defendant, her husband, are tenants by the entirety of certain real estate in the county of Westchester; that defendant is now and has been since September 26, 1907, in possession of the property and has collected all the issues and profits of the same; that he has not paid such issues and profits over to plaintiff; that there are taxes due and unpaid upon said property. The prayer is for an accounting in equity, and that defendant be decreed to pay over such sum as may be found due to plaintiff.

A tenancy by the entirety is a peculiar estate in which each tenant is seised, in the eye of the law, not of a moiety, but of an entirety. There has been much discussion as to the respective rights of each tenant to the usufruct of the estate, but it has been settled in this state that, under the so-called married women's acts each tenant becomes "a tenant in common, or joint tenant of the use, each being entitled to one-half of the rents and profits during the joint lives" Hiles v. Fisher, 144 N. Y. 306, 39 N. E. 337, 30 L. R. A. 305, 43 Am. St. Rep. 762. If then the defendant has appropriated to his own use all the rents and profits of the estate, the plaintiff is entitled to recover from him her share. But it does not follow that her appropriate remedy is by resort to equity. It is not claimed that, with respect to the property in question, the defendant is a trustee or agent for plaintiff, and it is apparent that he is not. The only reason given in the complaint for a resort to equity is that, in order to ascertain how much is due plaintiff, it will be necessary to go into a long and complicated account, with an examination of books and vouchers. But this alone does not justify an equitable action for an accounting. Marvin v. Brooks, 94 N. Y. 80; Ulman v. N. Y. Life Ins. Co., 109 N. Y. 433, 17 N. E. 363, 4 Am. St. Rep. 482. The plaintiff's appropriate form of action under the circumstances is for money had and received. In such an action, if it proves to be necessary, the plaintiff can have an examination of defendant, and a reference. It is therefore apparent from the statement of the case in the complaint, that plaintiff has an entirely adequate remedy at law. The respondent refers us to certain authorities to the effect that one partner may sue another in equity for an amount due without asking for a dissolution. In such a case, however, the partner suing has no adequate remedy, or any remedy at all, at law for one partner may not sue another at law.

The interlocutory judgment must be reversed, with costs, and disbursements and the demurrer sustained with costs, with leave to plaintiff to amend her complaint within 20 days upon payment of all costs. All concur.