### GUINAN v. BLUM et al.

(Supreme Court, Special Term, Kings County. February 11, 1916.)

1. ACTION ⊕⟹25—NATURE OF ACTION—LEGAL CHARACTER.

Plaintiff's action for the balance found due after defendant deducted plaintiff's indebtedness to him from the proceeds of the sale of a scow, transferred to defendant by bill of sale under agreement that he should hold as security, or to apply the income from the use and the proceeds upon sale to the plaintiff's indebtedness, turning over any balance, was at law, and not in equity, for statement of an account.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 124–145, 147–149, 153, 156–159, 313; Dec. Dig. ⊕⟹25.]

2. ACTION ⊕⟹25—NATURE OF ACTION.

Plaintiff, owing money to defendant, and turning over a scow to defendant, with the understanding that it should be sold, the debt extinguished, and the balance turned back to plaintiff, had a cause of action at law against defendant, who received money for the use of the scow and sold it for more than the debt, but refused to account.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 124–145, 147–149, 153, 156–159, 313; Dec. Dig. ⊕⟹25.]

3. TRIAL ⊕⟹11—CALENDARS—MISTAKEN PRAYER FOR EQUITABLE RELIEF.

Where plaintiff's complaint, stating a cause of action at law, but containing a mistaken prayer for equitable relief, is demurred to, the demurrer will be overruled with directions that the action be placed upon the Trial Term calendar.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 28–30; Dec. Dig. ⊕⟹11.]

Action by Bernard P. Guinan against Alfred Blum and another. On demurrer to the complaint. Demurrer overruled on condition.

Judson D. Campbell, of New York City, for plaintiff.
Elwood J. Harlam, of New York City, for defendant Alfred Blum.

CRANE, J. [1] I agree with counsel for the defendant that the complaint does not state a cause of action calling for equitable relief. The plaintiff asks for no reformation of any contract, but for a statement of an account and the payment to him of the balance found due after the defendant has deducted from the sale of pledged property the plaintiff's indebtedness to him. While the property is not stated to have been pledged, strictly speaking, yet it is stated to have been transferred by bill of sale under an agreement to hold as security, or to apply the income from the use thereof and the proceeds upon the sale to the plaintiff's indebtedness, turning over the balance, if any, to the plaintiff.

⊕⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[2, 3] This is an action at law, not an action in equity. Marvin v. Brooks, 94 N. Y. 71. But it does not follow that the demurrer must be sustained. The complaint states a good cause of action at law, but the plaintiff has made a mistake in asking for equitable relief. The facts stated in the complaint are that the plaintiff owed the defendant about $3,000; that by bill of sale executed in blank he gave the defendant possession of the boat—

"upon the express condition and understanding, which was verbal, between the parties, that said Alfred Blum should sell and dispose of the said boat or scow known as the Daniel Guinan, Sr., and, after retaining sufficient moneys to pay the amount due, to turn over the balance to this plaintiff."

The complaint further states that the defendant received moneys for the use of the scow, sold it for $4,000, and refuses to account or pay the balance to the plaintiff. Here is a complete cause of action at law, and the demurrer thereto should not be sustained. The proper practice is to send this case to the jury part for trial, and I shall direct that this action be placed upon the Trial Term calendar and that it has no place upon the equity calendar. To sustain this demurrer, simply because the plaintiff has the wrong prayer for relief, dismiss his complaint, and require him to bring a new action, would be to revive that useless and needless procedure which we in these days seek to avoid.

As I read the later cases, this is the proper practice, although there are a number of instances, I admit, in the earlier cases, where like demurrers have been sustained. See Thomas v. Schumacher, 17 App. Div. 441, and especially upon this point pages 447 and 448, 45 N. Y. Supp. 166, affirmed 163 N. Y. 554, 57 N. E. 1126; Ross v. McCaldin, 195 N. Y. 210, 88 N. E. 50, 133 Am. St. Rep. 787. In Niehaus v. Niehaus, 141 App. Div. 251, 125 N. Y. Supp. 1071, it is said:

"It is not questioned by respondent that she seeks in this action only equitable relief, nor that the demurrer should have been sustained if it appears upon the face of the complaint that she has an adequate remedy at law"—citing Loeb v. Supreme Lodge, 198 N. Y. 187, 62 N. E. 1090.

But in that case the court held that the complaint should be dismissed *only* where the action had been tried, and the plaintiff, *insisting* upon equitable relief, did not consent to a jury trial. For his benefit in such a case the complaint should be dismissed, in order to give him an opportunity to review the question by appeal. The language is:

"The plaintiffs did not acquiesce in this position and ask to be sent to the law side of the court for trial, but insisted upon their right to judgment after trial on the equity side before the court without a jury. Under these circumstances it seems to me plain that the plaintiffs, having failed to establish a cause in equity, should suffer a dismissal of their complaint. * * * If the plaintiffs saw fit to stand on their original position, that the action on this benefit certificate presented issues that were triable in equity, they were entitled to test the soundness of that proposition on appeal."

The demurrer is therefore overruled, without costs, provided the plaintiff serve upon the defendant's attorney within 5 days his written consent to place this action upon the jury calendar, in which case the defendant is given 10 days thereafter in which to answer. Should

the plaintiff fail to serve this notice, then the demurrer is sustained, with $10 costs, and the plaintiff given 10 days in which to serve an amended complaint.